UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AARON LEE DURNING,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　Case No. 3:23-cv-7472-LC-MJF

RICKY D. DIXON,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Aaron Lee Durning, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 7. Respondent moves to dismiss the petition as untimely. Doc. 15. Durning opposes the motion. Doc. 17. The undersigned concludes that no evidentiary hearing is required and that Durning's petition should be dismissed because it is time-barred.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In Escambia County Circuit Court Case No. 2015-CF-5376, Durning was convicted of the First-Degree Premeditated Murder of Lisa

Barberi. Doc. 15, Ex. A at 380-87.[1] On October 19, 2017, the trial court sentenced Durning to imprisonment for life, awarded him 695 days of jail credit, and committed him to the custody of the Florida Department of Corrections. *Id.* The judgment and sentence was entered on October 23, 2017, *nunc pro tunc* to October 19, 2017. *Id.* The Florida First District Court of Appeal ("First DCA") affirmed the judgment on June 6, 2019, without opinion. *Durning v. State*, No. 1D17-4565, 275 So. 3d 552 (Fla. 1st DCA 2019) (Table) (per curiam) (copy at Ex. F). Durning did not seek further direct review. Doc. 7 at 3.

On March 31, 2020, Durning filed a *pro se* motion to correct jail credit under Florida Rule of Criminal Procedure 3.801, seeking an additional two days of jail credit. Doc. 15, Ex. G.[2] On April 17, 2020, the

---

[1] All citations to the state-court record are to the electronically filed exhibits attached to the State's motion to dismiss, Doc. 15. Citations to page numbers of exhibits are to the numbers appearing at the bottommost center of the page.

[2] Prior to 2013, motions to correct jail credit were filed under Florida Rule of Criminal Procedure 3.800(a). In 2013, Rule 3.801 was enacted to provide a specific vehicle for requesting additional jail credit. *See* Fla. R. Crim. P. 3.801. Rule 3.801 provides: "A court may correct a final sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing as provided in section 921.161, Florida Statutes." Fla. R. Crim. P. 3.801(a).

state circuit court awarded Durning the additional two days of jail credit Ex. H. The order stated in relevant part:

> Upon consideration of the motion and record, it is,
>
> **ORDERED AND ADJUDGED** that Defendant is hereby awarded an additional 2 days credit as of the date of sentencing on October 19, 2017. The Clerk of the Court is **DIRECTED** to amend the written judgment and sentence awarding a total amount of 697 days credit for time served in lieu of the original 695 days credit. All other provisions remain in full force and effect.

Ex. H.

On April 28, 2020, an "Amended Order of Judgment and Sentence" was entered. Ex. I. The Amended Order of Judgment and Sentence contained: (1) the judgment of conviction entered on October 19, 2017, and (2) an amended sentencing form reflecting Durning's original life sentence and an amended award of 697 days of jail credit. *Id*. The Amended Order of Judgment and Sentence did not include a new commitment to the Department of Corrections. Ex. I.

On September 4, 2020, Durning filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Ex. J at 9-43. The state circuit court denied the motion. *Id*. at 44-309. The First DCA per curiam affirmed without opinion. *Durning v. State*, No.

1D20-3594, 327 So. 3d 264 (Fla. 1st DCA 2021) (Table) (copy at Ex. M). The mandate issued November 17, 2021. Ex. M.

On June 20, 2022, Durning filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Ex. N at 9-15. The state circuit court denied the motion. *Id.* at 16-24. The First DCA per curiam affirmed without opinion. *Durning v. State*, No. 1D22-2321, 356 So. 3d 783 (Fla. 1st DCA 2023) (Table) (copy at Ex. P). The mandate issued March 20, 2023. Ex. P.

Durning filed his original federal habeas petition on March 29, 2023. Doc. 1 at 1. Durning's original and amended petitions identify the judgment of conviction or sentence under attack as the October 19, 2017 judgment and sentence. Doc. 1 at 1; Doc. 7 at 1. Durning's amended petition raises four claims of ineffective assistance of trial counsel and one claim of trial-court error. Doc. 7.

## II. Discussion

### A.  The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Durning's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*,

521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

## B. The Statute of Limitations Is Measured From the Date Durning's 2017 Judgment Became Final

Durning does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his

claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Durning's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

The relevant judgment for purposes of § 2244 is the judgment pursuant to which Durning is in custody. *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) ("[T]he only judgment that counts for purposes of section 2244 is the judgment 'pursuant to' which the prisoner is 'in custody.'" (quoting 28 U.S.C. § 2254)); *Patterson* at 1325 ("The judgment that matters for purposes of section 2244 'is the judgment authorizing the prisoner's confinement.'" (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010))); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("[T]he writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement." (citing *Burton v. Stewart,* 549 U.S. 147, 156-57 (2007))).

Respondent maintains that the judgment authorizing Durning's confinement is the judgment and sentence entered on October 19, 2017. Doc. 15 at 8. Respondent explains that at all times, Durning has remained in confinement on the 2017 judgment and sentence despite the later correction of jail credit. Durning asserts that the Amended Order of Judgment and Sentence entered on April 28, 2020 created a new judgment for purposes of § 2244. Doc. 5 at 23.

The undersigned concludes that the Amended Order of Judgment and Sentence correcting Durning's jail credit did not create a new judgment for purposes of § 2244. Three cases require this holding: *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273 (11th Cir. 2014); *Patterson, supra*; and *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261 (11th Cir. 2020).

In *Insignares*, a Florida prisoner filed a postconviction motion to correct his sentence by reducing the mandatory-minimum term of imprisonment. *Insignares*, 755 F.3d at 1277. The state judge granted the motion, reduced the mandatory-minimum imprisonment sentence for the attempted-murder conviction, and entered a corrected sentence for that count. *Id*. at 1277. "This corrected sentence 'committed [Insignares] to

the custody of the Department of Corrections.'" *Patterson*, 849 F.3d at 1326 (alteration in original) (describing the corrected sentencing form entered in *Insignares*). Because the resentencing and corrected sentence form authorized Insignares's confinement, it was a new judgment for purposes of § 2244. *Insignares*, 755 F.3d at 1278, 1281.

In *Patterson*, on the other hand, the state judge entered an order removing a provision of the petitioner's sentence requiring that he be chemically castrated. *Patterson*, 849 F.3d at 1324. The order removing chemical castration did not constitute a new judgment for purposes of § 2244, because it did not authorize Patterson's confinement. *Patterson*, 849 F.3d at 1323 ("[B]ecause Patterson is not 'in custody pursuant to,' § 2254(b)(1), the consent order that he not undergo chemical castration," the consent order does not constitute a new judgment). The court emphasized: "[T]he new judgment must be a 'judgment authorizing the prisoner's confinement.'" *Id.* at 1325 (quoting *Magwood*, 561 U.S. at 332).[3]

---

[3] In *Magwood*, the defendant's death sentence was vacated on federal habeas review. The state judge held a new sentencing proceeding and imposed a penalty of death, stating on the record that the "judgment and sentence [were] the result of a complete and new assessment of all of the

The *Patterson* court explained—throughout the opinion and in various phrasings—what the consent order did and did not do: "The 2009 order [removing chemical castration] did not vacate Patterson's sentence and replace it with a new one. Nor did it direct the Department of Corrections to hold Patterson or perform any affirmative act." *Id*. at 1324. "[T]he Florida court did not enter a new judgment or order commanding the Secretary of the Department of Corrections to imprison [the petitioner]." *Id*. at 1323. "[T]he Florida trial court never issued a new prison sentence—in writing or otherwise—to replace Patterson's 1998 sentence. The 2009 order bars the imposition of chemical castration, but it does not otherwise address the term of Patterson's imprisonment." *Id*. at 1326.

The *Patterson* court summarized: "the only judgment that authorizes Patterson's confinement is the sentence entered in 1998. That

---

evidence, arguments of counsel, and law." *Magwood*, 561 U.S. at 326. The Supreme Court observed that when a federal habeas petition results in a district court's granting of the writ, "the State may seek a *new* judgment (through a new trial or a new sentencing proceeding)." *Magwood*, 561 U.S. at 332 (emphasis in original) (internal quotation marks and citation omitted). The Court held that Magwood's new death sentence "imposed as part of resentencing in response to a conditional writ from the District Court" was a new judgment. *Id*. at 330, 331, 342.

judgment 'committed [Patterson] to the custody of the Department of Corrections,' and that commitment has never been vacated or replaced." *Id.* at 1325 (alteration in original) (quoting judgment and sentence form).

A final case of particular relevance is *Osbourne*. In *Osbourne*, the state judge granted in part the prisoner's postconviction motion to correct his sentence under Rule 3.800(a), and ordered that an "amended sentence" be entered "nunc pro tunc to April 21, 2003 [the date of the original judgment and sentence], to reflect the deletion of the ten year mandatory minimum on [Osbourne's] robbery conviction (count one) only. The defendant's sentence remains unchanged in all other respects." *Osbourne*, 968 F.3d at 1263. An amended sentencing form was entered in 2014, in accordance with the trial court's order. The Eleventh Circuit held that the 2014 amended sentence was not a new judgment for purposes of § 2244, because the amended sentence was entered *nunc pro tunc* to the date of the original judgment: "[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244." *Osborne* at 1267.

Here, the only judgment authorizing Durning's confinement is the 2017 judgment that convicted Durning of murder and sentenced him to imprisonment for life. That judgment committed Durning to the "custody of Department of Corrections . . . to keep and safely imprison [Durning] for the term of said [life] sentence." Doc. 15, Ex. A at 387. As in *Patterson*, "[t]hat commitment has never been vacated or replaced." 849 F.3d at 1325. The state court never vacated the original judgment and sentence, nor did it issue a new prison sentence to replace Durning's 2017 life sentence. *See Patterson*, 849 F.3d at 1326. The 2020 amended sentencing form amended the incorrect portion of the original judgment to reflect the correct award of jail credit, but the portion of the judgment authorizing Durning's confinement for the life sentence remained unchanged. The 2020 amended sentencing form did not newly authorize Durning's custody, command the Department of Corrections to imprison Durning, or alter Respondent's pre-existing authority to confine Durning for life.

Furthermore, the order authorizing entry of the amended judgment and sentence expressly stated that (1) the amended judgment and sentence was limited to "awarding a total amount of 697 days credit for time served in lieu of the original 695 days credit"; (2) the amendment

was imposed "as of the date of sentencing on October 19, 2017"; and (3) "[a]ll other provisions [of the October 19, 2017 judgment and sentence] remain in full force and effect." Ex. H. In other words, the amendment *related back* to the date of the 2017 judgment, making the amended sentence effective October 19, 2017. Although the signature line of the 2020 amended sentencing form did not include the words "*nunc pro tunc*," the order directing entry of the amended sentence made clear that the amendment was retroactive to October 19, 2017, and that "[*a*]*ll other provisions remain in full force and effect.*" Ex. H (emphasis added).

In short, Durning is in custody pursuant to the 2017 judgment and sentence. The 2020 amended sentencing form does not constitute a new judgment for purposes of § 2244. *See Patterson*, 849 F.3d at 1325-28; *Osbourne*, 968 F.3d at 1266-67. This conclusion is consistent with Durning's original and amended § 2254 petitions, which identify the judgment being challenged as the 2017 judgment. Doc. 1 at 1; Doc. 7 at 1. This conclusion also is consistent with multiple Eleventh Circuit decisions applying *Magwood, Insignares*, *Patterson* and *Osborne*:

- *Miller v. Sec'y, Dep't of Corr.*, No. 21-10233, 2022 WL 29924, at *2-3 (11th Cir. Jan. 4, 2022) (amended judgment awarding additional jail credit was not a new judgment for purposes of § 2244 even

though the amended judgment did not contain the words "*nunc pro tunc*");

- *Goodloe v. Sec'y, Dep't Corr.*, 823 F. App'x 801, 803 (11th Cir. 2020) (order awarding additional jail credit was not a new judgment because the 2015 jail credit order did not vacate petitioner's sentence and replace it with a new one, but merely corrected the original sentence by addressing a clerical error);

- *Jones v. Sec'y, Dep't of Corr.*, 770 F. App'x 1019, 1020-21 (11th Cir. 2019) (award of additional jail credit did not create a new judgment because the trial court never entered a new judgment or order that authorized confinement after it granted his Rule 3.801 motion);

- *Vaughan v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 554, 556 (11th Cir. 2019) (amended and re-recorded judgment of conviction was not a new judgment "because [the petitioner] remained in custody pursuant to the original judgment and his term of imprisonment was not altered by the amendment");

- *Wells v. Sec'y, Dep't Corr.*, 769 F. App'x 885, 887-88 (11th Cir. 2019) (amended judgment and sentence reflecting additional jail credit, entered *nunc pro tunc* to date of original judgment, was not a new judgment);

- *Booth v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 861, 862-63 (11th Cir. 2018) (order making "ministerial correction" to prisoner's sentence was not a new judgment because it did not authorize prisoner's confinement or vacate his sentence and replace it with a new one); and

- *Mosier v. Sec'y, Fla. Dep't of Corr.*, 719 F. App'x 906, 908 (11th Cir. 2017) (order awarding additional jail credit under Rule 3.801 was not a new judgment—even though judge characterized order as having same legal effect as an amended judgment and sentence—because the state court did not issue a new judgment authorizing

confinement when it granted petitioner's motion for additional jail credit).[4]

Because Durning is in custody under the judgment dated October 19, 2017, the limitations period runs from the date that judgment became final under § 2244(d)(1).

## C. **Durning's Habeas Petition Is Untimely**

Durning did not seek further direct review of his 2017 judgment in the United States Supreme Court. Accordingly, Durning's judgment became "final" for purposes of 2244(d)(1)(A), on September 4, 2019, when the 90-day period to file a certiorari petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The federal habeas limitations period began to run one day later, on September 5, 2019, and was set to expire one year later absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Downs v.*

---

[4] Previously some courts held that an amended sentence awarding additional jail credit constituted a new judgment for purposes of § 2244. *See, e.g., Esty v. Jones*, No. 3:14-cv-357-LC/CJK, 2015 WL 4130108, at *2 (N.D. Fla. July 9, 2015). Such decisions, however, pre-dated *Patterson*, *Osbourne*, and the persuasive unpublished Circuit opinions applying those precedents.

*McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). Durning allowed 208 days of the limitations period to run before filing his Rule 3.801 motion on March 31, 2020.[5] As a result of the filing of that motion, the limitations period was statutorily tolled from March 31, 2020 (the date the motion was filed) until April 17, 2020 (the date the trial court rendered its order granting the motion in full).[6]

The limitations period started running again on April 18, 2020, and ran for 139 days until Durning filed his Rule 3.850 motion on September 4, 2020. As a result of the filing of that motion, the limitations period was statutorily tolled from September 4, 2020 (the date the motion was filed) until November 17, 2021 (the date the mandate issued in Durning's

---

[5] This assumes to Durning's benefit—without deciding—that the Rule 3.801 motion is the type of application that qualifies for statutory tolling under 28 U.S.C. § 2244(d)(2).

[6] Because the trial court granted Durning's Rule 3.801 motion in full, he lacked standing under Florida law to appeal that order. *See Dep't of Health v. Fresenius Med. Care Holding, Inc.*, 935 So. 2d 636 (Fla. 1st DCA 2006) (an appellant lacks standing to appeal a wholly favorable order (collecting cases)). Had the trial court denied some or all of the credit Durning sought, he would have had standing to appeal. *See* Fla. R. Crim. P. 3.801(e) (incorporating appeal provision of Fla. R. Crim. P. 3.850(k)).

postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

The limitations period started running again on November 18, 2021, and expired 18 days later on December 5, 2021. Because December 5, was a Sunday, Durning had until Monday, December 6, 2021 to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a). Durning's § 2254 petition filed on March 29, 2023, is untimely *by over one year*.

Durning's later-filed Rule 3.800 motion and postconviction appeal did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008). Nor did these later state-court filings reinitiate the limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

C.    **Durning's Untimely Petition Must Be Dismissed**

Durning does not assert that he is entitled to equitable tolling or any other exception to the limitations bar. Durning's untimely petition, therefore, must be dismissed.

### III. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 15, be **GRANTED**.

2. The amended petition for writ of habeas corpus, Doc. 7, challenging the judgment of conviction and sentence in *State of Florida v. Aaron Lee Durning*, Escambia County Circuit Court Case No. 2015-CF-5376, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 16th day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**